UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62037-CIV-COHN/SELTZER

EDWARD BURGER, AS TRUSTEE
OF THE 2009 HUBBARD FAMILY
TRUST, a New Mexico trust, et al.,

    Plaintiffs,

vs.

JOHN HARTLEY, et al.,

    Defendants.

_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Preliminary Injunctive Relief [DE 23] ("Motion"). The Court has carefully considered the Motion, Plaintiffs' Motion in Supplement to Plaintiffs' Motion for Preliminary Injunctive Relief [DE 35] ("Supplemental Motion"), Defendant Bradford van Siclen's Opposition [DE 38], Defendants John Ray Arnold and First American Service Transmittals' Motion for Stay Pending Outcome of Parallel Criminal Proceedings [DE 42][1], Plaintiffs' Opposition to Defendants John Ray Arnold and First American Service Transmittals' Motion for Stay Pending Outcome of Parallel Criminal Proceedings [DE 45], Plaintiffs' Reply [DE 46], the record in the case, and is otherwise fully advised in the premises.

---

[1] This document is styled as a motion requesting a stay, but is actually an opposition to Plaintiffs' Motion for Preliminary Injunctive Relief.

I. BACKGROUND

On September 16, 2011, Plaintiffs filed suit against Defendants John Hartley, John A. Mattera ("Mattera"), Bradford van Siclen ("van Siclen"), John Ray Arnold ("Arnold"), Praetorian G. Power II, LLC ("Praetorian G. Power"), G. Power II ("G. Power"), First American Service Transmittals, Inc. ("FAST") and Praetorian Fund Ltd. ("Praetorian Fund") (collectively "Defendants").[2]  Pursuant to Section 10(b) of the Securities and Exchange Act of 1934, Plaintiffs seek to rescind $4.525 million they invested to acquire shares in Praetorian G. Power and/or G. Power, based on false representations Defendants made that such interests would provide indirect ownership of Series A Preferred shares in Fisker Automotive Inc.  Am. Compl. ¶ 1.  Alternatively, Plaintiffs seek to recover substantial damages from Defendants related to their missing $4.525 million.  Id.  Plaintiffs allege that after investing their money, they never received closing documents reflecting their shares in Praetorian.  Id.  Plaintiffs later learned that Seller Defendants Mattera, van Siclen, Praetorian G. Power, and G. Power did not own any shares in Fisker Automotive.  Id.  Plaintiffs also allege that Defendants Arnold and FAST, the escrow agents chosen by the other Defendants, participated in these securities violations by disbursing Plaintiffs' money, without Plaintiffs' permission, to some or all of the other Defendants, while Plaintiffs were waiting for the closing.  Id.

Plaintiffs filed their Motion on November 8, 2011.  See DE 23.  In the Motion, Plaintiffs seek a preliminary injunction which enjoins the Defendants from "disposing, transferring, or encumbering: a) any of any moneys distributed to them, directly or

---

[2]   Plaintiffs filed an Amended Complaint [DE 19] on October 28, 2011.

indirectly, from the moneys deposited by Plaintiffs with the escrow agent, Defendant FAST, b) any assets acquired directly or indirectly, from the distribution of moneys deposited by Plaintiffs with the escrow agent, Defendant FAST, and c) any shares in Fisker Automotive Inc. ('Fisker'), which they own directly or indirectly."  Motion at 1. Plaintiffs also seek an order which requires Defendants to "preserve and provide: a) all data, email documents and information as the distribution of Plaintiffs' moneys, and the location of those moneys today; and b) all pertinent wires, bank statements, documents, files, emails or data relating to the moneys, including the BB&T escrow account where Plaintiffs wired their moneys, and any account to which Plaintiffs' moneys were wired or asset acquired with Plaintiffs' money."  Id.  Plaintiffs argue that the Court should issue this preliminary injunction "to preserve the Court's ability to fashion the equitable remedy of rescission."  Motion at 11.

On November 18, 2011, before any of the Defendants had responded to the Motion, Plaintiffs filed a Supplementary Motion for a Preliminary Injunction.  See DE 35. The purpose of the Supplemental Motion was to alert the Court to a civil complaint filed by the Securities Exchange Commission ("SEC") in the Southern District of New York against Defendants Mattera, van Siclen, Arnold, Praetorian G. Power, FAST, and Praetorian Fund, and the opening of a criminal prosecution by the Department of Justice against Defendant Mattera.  According to Plaintiffs, the record developed by the SEC in its motion for a temporary restraining order supports their contention that Plaintiffs have a substantial likelihood of success on the merits and that there is a substantial threat of immediate harm to Plaintiffs if the injunction is not granted. Supplemental Motion at 5-7.

Defendants' van Siclen, Arnold, and FAST oppose Plaintiffs' Motion. See DE 38, 45.[3] Defendant van Siclen contends that 1) Plaintiffs' case is an action for money damages and the remedy sought by Plaintiffs is tantamount to a writ of attachment; 2) the Asset freeze entered in the SEC action renders Plaintiffs' Motion moot; and 3) he never received any of Plaintiffs' funds. See DE 38. Defendants Arnold and FAST argue that Plaintiffs have failed to establish their entitlement to preliminary injunctive relief and that the temporary restraining order entered in the SEC action moots Plaintiffs' Motion. See DE 42.

## II. DISCUSSION

To obtain a preliminary injunction, a plaintiff must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the defendant is not enjoined; (3) the threatened injury to plaintiff outweighs the harm an injunction may cause defendant; and (4) the injunction would not disserve the public interest. See Levi Strauss & Co. v. Sunrise Int'l Trading Inc., 51 F.3d 982, 985 (11th Cir. 1995). When a plaintiff requests equitable relief, a district court has "inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." Id. at 987 (citing Fed.l Trade Comm'n v. U.S. Oil & Gas Corp., 748 F.2d 1431, 1433-34 (11th Cir.1984)).

Plaintiffs' Motion, which seeks to freeze Defendants' assets and require Defendants to preserve documents related to Plaintiffs' investment, was filed nearly two months after the initial complaint was filed. It was also filed over a year after the first

---

[3] Defendant Mattera did not respond to Plaintiffs' Motion, but has sought a stay of the case based upon the pending criminal action against him. See DE 40.

4

money Plaintiffs invested with Defendants was sent to the escrow agents.  See Am. Compl. ¶ 8 (indicating that Plaintiffs first deposited money into the FAST escrow account in August 2010).[4]  It is well established that a "pattern of delay is fundamentally inconsistent with . . . allegations of irreparable injury.  Such delay is a factor that this Court may properly consider in evaluating the propriety of a TRO or preliminary injunction."  U.S. Bank Nat. Ass'n v. Turquoise Props. Gulf, Inc., No. 10-0204-WS-N, 2010 WL 2594866, at *4 (S.D. Ala. June 18, 2010).[5]  Delay before seeking a preliminary injunction may "standing alone, ... preclude the granting of preliminary injunctive relief ... because the failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury."  Tough Traveler, Ltd. v. Outbound Prods., 60 F.3d 964, 968 (2d Cir.1995) (internal quotation marks and citations omitted).  Here, Plaintiffs have

---

[4]   Curiously, the Amended Complaint indicates that Plaintiff The 2009 Hubbard Family Trust invested $500,000, on or about November 4, 2011, well after the initial complaint in this case was filed.  Am. Compl. ¶ 8.  The Court assumes that this is a typographical error because the Amended Complaint itself was filed on October 28, 2011.

[5]   See also RoDa Drilling Co. v. Siegal, 552 F.3d 1203, 1211 (10th Cir. 2009) ("delay in seeking preliminary relief cuts against finding irreparable injury") (citations omitted); Ty, Inc. v. Jones Grp., Inc., 237 F.3d 891, 903 (7th Cir.2001) (movant's delay "may raise questions regarding [movant]'s claim that he or she will face irreparable harm if a preliminary injunction is not entered"); Kendall Holdings, Ltd. v. Eden Cryogenics LLC, 630 F. Supp. 2d 853, 867 (S.D. Ohio 2008) (party's delay in taking action "can support an inference that the alleged harm is not sufficiently severe or irreparable to justify injunctive relief"); Gonannies, Inc. v. Goupair. Com, Inc., 464 F. Supp. 2d 603, 609 (N.D. Tex. 2006) ("Absent a good explanation, a substantial period of delay militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief.") (citation omitted); Pharmacia Corp. v. Alcon Labs., Inc., 201 F. Supp. 2d 335, 383 (D.N.J. 2002) (movant's protracted delay before seeking preliminary injunctive relief "knocks the bottom out of any claim of immediate and irreparable harm").

provided no explanation for their delay before seeking a preliminary injunction.[6] Thus, the Court questions whether Plaintiffs have actually demonstrated irreparable harm which necessitates injunctive relief.

Additionally, the Court finds that Plaintiffs have failed to demonstrate why a preliminary injunction is necessary to obtain documentation from Defendants related to Plaintiffs' investment. Plaintiffs do not explain why these documents cannot be obtained through the ordinary course of discovery. To the extent Plaintiffs contend that an injunction is required so that Defendants maintain documentation related to the subject matter of the lawsuit, Defendants were under an obligation to maintain documentation pertinent to this litigation, at the very latest, when they were served with the complaint. Point Blank Solutions, Inc. v. Toyobo Am., Inc., No. 09–61166–CIV, 2011 WL 1456029, at *11 (S.D. Fla. Apr. 5, 2011). ("Once a party reasonably anticipates litigation, it has an obligation to make a conscientious effort to preserve electronically stored information which is relevant to the dispute.")

Finally, the Court finds that because the preliminary injunctions entered by the Southern District of New York in the SEC action have already provided Plaintiffs with the remedy they seek—freezing of Defendants' assets[7] and preservation of records

---

[6] To the extent the civil action filed by the SEC influenced Plaintiffs' decision to file a motion for a preliminary injunction, the Court notes that the complaint in the SEC matter was filed on November 17, 2011, while the Plaintiffs' Motion was filed on November 8, 2011. See Complaint, Securities and Exchange Commission v. John A. Mattera, et al., No. 11-CV-08323-PKC (S.D.N. Y. Nov. 17, 2011) [DE 1].

[7] The Asset Freeze Orders entered in the SEC case are actually broader than the relief which Plaintiffs seek. While Plaintiffs seek only to freeze assets related to the money Plaintiffs deposited with FAST, assets acquired with this money, or shares in Fisker Automotive Inc., the Asset Freeze Orders preclude "any withdrawal, transfer,

relating to Plaintiffs' investments[8]—Plaintiffs have not demonstrated an irreparable injury. See, e.g., Consent Order Freezing Assets and Granting Other Relief, Securities and Exchange Commission v. John A. Mattera, et al., No. 11-CV-08323-PKC (S.D.N.Y. Nov. 21, 2011) [DE 14]. Plaintiffs argue that their rights "are not fully protected by the SEC Asset Freeze Orders [because] [i]f the SEC Asset Freeze Orders are somehow vacated, the same threat of irreparable injury exists with respect to Defendants' assets."

---

pledge, encumbrance, assignment, dissipation, concealment, or other disposal (including the use of any credit cards or any other incurring debt in excess of $1000) of *any* assets, funds, or other property (including money, real property, or rent due from real property, personal property, securities, commodities, chose in action, business interests or other property of any kind whatsoever)... ." See, e.g., Order Granting Preliminary Injunction, Freezing Assets, and Granting Other Relief § 5, Securities and Exchange Commission v. John A. Mattera, et al., No. 11-CV-08323-PKC (S.D.N.Y. Dec. 1, 2011) [DE 28] (emphasis added).

[8] Plaintiffs contend that the SEC Asset Freeze Orders do not offer all the relief they seek because they "do not require Defendants to account to these Plaintiffs for what happened to their moneys, to provide these Plaintiffs with appropriate support for the account, or to preserve evidence." Reply at 2. The Court disagrees. As explained above, Plaintiffs have failed to demonstrate why they cannot obtain the documentation they seek through discovery. To the extent Plaintiffs contend that Defendants will destroy documents, the SEC Asset Freeze Orders are sufficiently broad to preserve the documentation that Plaintiffs seek. See, e.g., Consent Order Freezing Assets and Granting Other Relief § 10, Securities and Exchange Commission v. John A. Mattera, et al., No. 11-CV-08323-PKC (S.D.N.Y. Nov. 21, 2011) [DE 14] ("pending final disposition of this action, Van Siclen and any person or entity acting at his direction or on his behalf are restrained and enjoined from *destroying, altering, concealing* or otherwise interfering with the access of the Commission to any and all documents, books and records that concern, refer, reflect or relate to the allegations in the Complaint and that are in the possession, custody or control of Van Siclen or any of his agents, employees, servants, accountants, financial or brokerage institutions, or attorneys-in-fact.") (emphasis added). Thus, this order requires preservation of any records which potentially relate to Plaintiffs' investment and Plaintiffs may seek these documents through discovery requests.

Plaintiffs' Reply at 9-10.  This argument does not provide a legitimate basis for granting this Motion.  If the SEC Asset Freeze Orders are vacated at some future date, Plaintiffs may re-file their motion for a preliminary injunction in this Court.

### III. CONCLUSION

Accordingly, Plaintiffs' Motion for Preliminary Injunctive Relief [DE 23] and Plaintiffs' Motion in Supplement to Plaintiffs' Motion for Preliminary Injunctive Relief [DE 35] are hereby **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of December, 2011.

JAMES I. COHN
United States District Judge

Copies provided to all counsel of record via CM/ECF.