UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  11-62037-CIV-COHN/SELTZER

EDWARD BURGER, AS TRUSTEE
OF THE 2009 HUBBARD FAMILY
TRUST, a New Mexico trust, et al.,

    Plaintiffs,

vs.

JOHN HARTLEY, et al.,

    Defendants.
_____/

### ORDER GRANTING DEFENDANTS FIRST AMERICAN SERVICE TRANSMITTALS, INC. AND JOHN RAY ARNOLD'S MOTION TO DISMISS DEFENDANT VAN SICLEN'S CROSS CLAIM

**THIS CAUSE** is before the Court on Defendants First American Service Transmittals, Inc. and John Ray Arnold's Motion to Dismiss van Siclen's Cross Claim for Indemnity and Contribution [DE 56] ("Motion").  The Court has carefully considered the Motion, van Siclen's Response [DE 59] ("Response"), notes the lack of reply by the deadline of December 27, 2011, and is otherwise fully advised in the premises.

I. BACKGROUND

On September 16, 2011, Plaintiffs sued Defendants under Section 10(b) of the Securities and Exchange Act of 1934 for rescission, and alternatively, to recover substantial damages from Defendants related to $4.525 million Plaintiffs invested to acquire shares in Praetorian and/or G. Power, based on allegedly false representations Defendants made that such interests would provide indirect ownership of Series A

Preferred shares in Fisker Automotive Inc. Am. Compl. [DE 19] ¶ 1. Plaintiffs allege that Defendant and Cross-Claimant Bradford van Siclen ("van Siclen") was one of the Defendants who made these false representations regarding the Fisker Automotive shares to induce Plaintiffs' investment. Id. After making the investment, however, Plaintiffs never received the closing documents reflecting their shares in Praetorian. Id. Plaintiffs later learned that Defendants did not own any shares in Fisker Automotive. Id. Plaintiffs also allege that Defendants John Ray Arnold ("Arnold") and First American Service Transmittals, Inc. ("FAST"), the escrow agents chosen by the other Defendants, participated in these securities violations by disbursing Plaintiffs' money, without Plaintiffs' permission, to some or all of the other Defendants, while Plaintiffs were waiting for the closing. Id. Plaintiffs have brought a breach of fiduciary duty claim against the escrow-agent defendants, Arnold and FAST. Id. ¶ 2. Plaintiffs have also brought claims for conversion, civil theft, and the imposition of a constructive trust against Defendants van Siclen, FAST, and Arnold arising from the apparent distribution of Plaintiffs' money and a conspiracy claim against all Defendants. Id. ¶¶ 3-4; 237-51; 270-78.

On November 11, 2011, van Siclen answered Plaintiffs' Amended Complaint and filed a cross claim against Co-Defendants John Mattera ("Mattera"), Arnold, and FAST. See Cross Claim [DE 37]. According to the Cross Claim, which incorporates by reference all allegations in the Amended Complaint, van Siclen is entitled to indemnification and contribution from Defendants Mattera, Arnold, and FAST. Specifically, van Siclen contends that he is entitled to indemnity from Arnold and FAST

because (1) he "had no involvement in any of the transactions whereby Plaintiffs allegedly delivered funds and subscription agreements to the other Co-Defendants"; (2) he "did not set up, arrange for any escrow agreement with First American or Arnold and has had no involvement in their alleged receipt, custody, or distribution of Plaintiffs' alleged investments to anyone"; and (3) he did not "receive any funds allegedly delivered to any of the Co-Defendants and relating to their alleged purchase of shares of Fisker and/or Praetorian stock."  Cross Claim ¶ 2.  Van Siclen also argues that he is entitled to contribution from these Co-Defendants because the damages allegedly suffered by Plaintiffs resulted solely from the "alleged misrepresentations, omissions, and misconduct of Co-Defendants Mattera, Arnold, and/or First American." Id. ¶ 5.  Cross Defendants Arnold and FAST have now filed a motion to dismiss the cross claim.

## II. DISCUSSION

### A. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action.  Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged

therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor.  Twombly, 550 U.S. at 555.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Id.  Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'"  Id. at 556.

### B. Van Siclen has Failed to State a Cause of Action for Indemnity Against Arnold and FAST.

In their Motion, Arnold and FAST contend that van Siclen's cross claim for indemnification must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.  Motion ¶ 6.  Citing Eaton v. Coal Par of West Virginia, Arnold and FAST first argue that indemnity claims are disfavored in securities cases.  Id. ¶ 7 (citing 580 F. Supp. 572, 582 (S.D. Fla. 1984)).  Moreover, they contend that van Siclen's cross claim must fail because it does not articulate any duty Arnold and FAST owed to van Siclen.  Id. ¶ 8.  In his Response, van Siclen states that, by incorporating the allegations contained in the Amended Complaint, he has stated a claim for indemnity.  Response at 3.  Van Siclen cites paragraphs 64-66 and 226-236 of the Amended Complaint for the proposition that "the Amended Complaint alleges a fiduciary duty between the Defendants FAST and Arnold" and Praetorian G. Power II, LLC, G. Power II, and The Praetorian Fund, Ltd., as escrow agent.  Id.  Because the Amended Complaint also alleges that van Siclen is the managing member of each of these entities, he reasons that FAST and Arnold had an implied fiduciary duty to all parties in the transaction, including van Siclen.  Id.

4

Indemnification is disfavored under securities law because it permits a wrongdoer to avoid "loss by shifting his entire responsibility to another party." Eaton, 580 F. Supp. at 582 (quoting Stowell v. Ted S. Finkel Inv. Sec., Inc., 641 F.2d 323, 325 (5th Cir. 1981)).  As a result, any claim for indemnity in a securities case must be carefully scrutinized to determine whether the pleading requirements have been satisfied.  Id.  To establish that Arnold and FAST had a duty to indemnify van Siclen, he must establish that (1) his liability is vicarious and solely for the wrong of Arnold and FAST and (2) Arnold and FAST were at fault.  Arnold M. Ganz Residual Trust v. Growthink Sec. Inc., No. 09-80058-CIV, 2010 WL 146847, at *2 (S.D. Fla. Jan. 11, 2010) (citing Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 642 (Fla. 1999)).

For a right to indemnity to exist, Florida law also requires that the parties have a special relationship.  Growthink Sec. Inc., 2010 WL 146847, at *2.  A special relationship is "one that makes the defendant vicariously liable for the acts of the party against whom indemnification is sought."  Id. (citing Houdaille Indus., Inc. v. Edwards, 374 So. 2d 490, 493 (Fla. 1979)).  To determine whether a special relationship exists, courts look to "whether the party against whom indemnification is sought has breached a duty implied by the parties' conduct."  Id.

Arnold and FAST argue that the cross claim must be dismissed because it fails to allege any duty they owed or any special relationship they enjoyed with van Siclen.  Motion ¶ 8.  The Court agrees.  While van Siclen purports to incorporate by reference the entirety of Plaintiffs' Amended Complaint, he fails to cite any part of the Amended

5

Complaint which indicates a special relationship between himself, Arnold, and FAST. To the extent van Siclen relies on paragraphs 64-66 and 226-236 of the Amended Complaint to support his contention that a special relationship exists, these paragraphs do not allege any fiduciary relationship between van Siclen, FAST and Arnold.  Am. Compl. ¶¶ 64-66; 226-236; see Krueger Assocs., Inc. v. ADT Sec. Sys., 11 F. Supp. 2d 637, 638 (E.D. Pa.1998) (dismissing portions of a plaintiff's cross claims which incorporated complaint by reference because complaint provided no basis for liability from third-party defendant to plaintiff).  Indeed, van Siclen has not alleged any facts–or cited any case law–which demonstrates that an alleged fiduciary duty owed to Praetorian G. Power II, LLC, G. Power II, and The Praetorian Fund, Ltd. would inure to him as their managing member.[1]  Accordingly, because van Siclen has failed to provide any factual basis for establishing that he individually enjoyed a special relationship with Defendants Arnold and FAST, the Court will dismiss van Siclen's indemnification claim without prejudice.  See Growthink Sec. Inc., 2010 WL 146847, at *2 (dismissing indemnity claim which failed to allege a special relationship between the parties).  The Court will grant van Siclen leave to amend his cross claim to allege specific facts which

---

[1] The sole case cited by van Siclen in support of his indemnification claim, United American Bank of Central Florida, Inc. v. Seligman, 599 So 2d 1014, 1016-17 (Fla. Dist. Ct. App. 1992), stands for the general proposition that an escrow agent owes an implied fiduciary duty to all parties to a transaction.  Van Siclen, however, by relying solely on the allegations of Plaintiffs' Amended Complaint, has failed to demonstrate that he was owed a fiduciary duty because he has failed to allege that he was individually a party to a transaction where an implied fiduciary duty existed.  In fact, the cross claim supports that no such fiduciary relationship existed because van Siclen alleges that he "did not set up, arrange for any escrow agreement with First American or Arnold and has had no involvement in their alleged receipt, custody, or distribution of Plaintiffs' alleged investments to anyone."  See Cross Claim ¶ 2.

establish a special relationship between himself and Arnold and FAST.

### C. Van Siclen has Failed to State a Cause of Action for Contribution Against Arnold and FAST.

Arnold and FAST also contend that van Siclen's cross claim for contribution must be dismissed because he has failed to establish a common legal liability or obligations between the Defendants. Motion ¶ 10. Additionally, they argue that because no right of contribution exists for intentional torts, van Siclen's cross claim for contribution fails as to the fraud, conversion, breach of fiduciary duty, constructive trust, conspiracy, and civil theft counts in the Amended Complaint. Id. ¶ 11. In his Response, van Siclen concedes that he is not entitled to contribution with respect to Count I (Securities Exchange Act), Count II (Fraud-Rescission), Count III (Fraud-Damages), Count IV (Conversion), Count IX (Conspiracy), and Count X (Civil Theft) of the Amended Complaint. Response at 3-4. He contends, however, that his contribution claim for constructive trust/injunctive relief (Count VI) survives because this claim can be premised on the non-intentional mistake of the Defendants. Id. at 4.

Based on van Siclen's Response, the Court will dismiss with prejudice his cross claim for contribution as to Count I (Securities Exchange Act), Count II (Fraud-Rescission), Count III (Fraud-Damages), Count IV (Conversion), Count IX (Conspiracy), and Count X (Civil Theft) of the Amended Complaint. The sole issue remaining for the Court, therefore, is whether van Siclen has stated a contribution claim against Arnold and FAST on Plaintiffs' count for constructive trust/injunctive relief.

Although the Florida Supreme Court has held that "[a] constructive trust is

7

properly imposed when, as a result of a mistake in a transaction, one party is unjustly enriched at the expense of another," here, the Court finds van Siclen has failed to plead any facts which establish that the harm Plaintiffs allegedly suffered resulted from a mistake by the Cross Defendants.[2]  See In re Estate of Tolin, 622 So. 2d 988, 990 (Fla. 1993).  Under the Federal Rules of Civil Procedure, mistake must be plead with particularity.  Fed. R. Civ. P. 9(b).  Van Siclen has failed to plead *any* mistake on the part of Cross-Defendants, let alone state it with particularity.  Rather, the Cross Claim merely states that van Siclen is entitled to contribution because Plaintiffs' damages resulted solely from "the alleged misrepresentations, omissions, and misconduct" of the Cross-Defendants.  Cross Claim ¶ 5.  Accordingly, the Court will dismiss without prejudice van Siclen's cross claim for contribution as to the constructive trust/injunctive relief claim in the Amended Complaint.  As with the indemnity claim, the Court will grant van Siclen leave to re-plead this cross claim with particularity.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants First American Service Transmittals, Inc. and John Ray Arnold's Motion to Dismiss van Siclen's Cross Claim for Indemnity and Contribution [DE 56] is **GRANTED** as follows:

---

[2]  Van Siclen cannot rely on his incorporation of the entirety of the Amended Complaint to save his cross claim because even a cursory reading of the Amended Complaint makes clear that Plaintiffs allege that there was nothing mistaken about Defendants actions.  See e.g., Am. Compl. ¶ 168 ("All of the above referenced statements were uttered with the intent to deceive, manipulate, or defraud Plaintiffs by inducing them to convey moneys to purchase an interest Defendants never owned, and so Defendants could steal Plaintiffs' moneys.")

a. Van Siclen's cross claim for indemnity is **DISMISSED WITHOUT PREJUDICE**;

b. Van Siclen may amend his cross claim for indemnity by January 23, 2012;

c. Van Siclen's cross claim for contribution is **DISMISSED WITH PREJUDICE** as to Count I (Securities Exchange Act), Count II (Fraud-Rescission), Count III (Fraud-Damages), Count IV (Conversion), Count IX (Conspiracy), and Count X (Civil Theft) of the Amended Complaint;

d. Van Siclen's cross claim for contribution is **DISMISSED WITHOUT PREJUDICE** as to constructive trust/injunctive relief (Count VI) of the Amended Complaint; and

e. Van Siclen may amend his cross claim for contribution as to constructive trust/injunctive relief (Count VI) claim of the Amended Complaint by January 23, 2012.

_____
JAMES I. COHN
United States District Judge

Copies to counsel of record via CM/ECF.