UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  11-62037-CIV-COHN/SELTZER

EDWARD BURGER, AS TRUSTEE
OF THE 2009 HUBBARD FAMILY
TRUST, a New Mexico trust, et al.,

      Plaintiffs,

vs.

JOHN HARTLEY, et al.,

      Defendants.

_____/

## ORDER DENYING WITHOUT PREJUDICE RENEWED MOTIONS FOR ENTRY OF DEFAULT JUDGMENTS

**THIS CAUSE** is before the Court upon "Plaintiffs' Renewed Motions for Entry

Default Judgments as to Defendants G. Power II, Praetorian G. Power, II, LLC, and

Praetorian Fund, Ltd." [DE 85] ("Motion").[1]  The Court has considered the Motion, notes

---

[1]     The Motion incorporates by reference: Plaintiff Edward Burger, As Trustee of the 2009 Hubbard Family Trust's Motion And Memorandum of Law For Entry of Default Judgment as to Defendants G. Power II, Praetorian G. Power, II, LLC, and Praetorian Fund, Ltd. [DE 75], Plaintiff Craig Angelo's Motion And Memorandum of Law For Entry of Default Judgment as to Defendants G. Power II, Praetorian G. Power, II, LLC, and Praetorian Fund, Ltd. [DE 76], Plaintiff Albert Angelo, Jr.'s Motion And Memorandum of Law For Entry of Default Judgment as to Defendants G. Power II, Praetorian G. Power, II, LLC, and Praetorian Fund, Ltd. [DE 77], Plaintiff Jerry Bayles' Motion And Memorandum of Law For Entry of Default Judgment as to Defendants G. Power II, Praetorian G. Power, II, LLC, and Praetorian Fund, Ltd. [DE 78], Plaintiff Robert Masterson's Motion And Memorandum of Law For Entry of Default Judgment as to Defendants G. Power II, Praetorian G. Power, II, LLC, and Praetorian Fund, Ltd. [DE 79], Plaintiff Dan Meadows' Motion And Memorandum of Law For Entry of Default Judgment as to Defendants G. Power II, Praetorian G. Power, II, LLC, and Praetorian Fund, Ltd. [DE 80], and Plaintiff Praefectus Capital, LLC's Motion And Memorandum of Law For Entry of Default Judgment as to Defendants G. Power II, Praetorian G. Power, II, LLC, and Praetorian Fund, Ltd. [DE 81] (collectively "Motions").  The Court originally denied these Motions because they were filed before Plaintiffs had obtained a clerk's entry of default against these defendants.  See DE 82.

the lack of the response by the deadline of January 17, 2012, the record in the case, and is otherwise fully advised in the premises.

## I. BACKGROUND

On September 16, 2011, Plaintiffs filed suit against Defendants John Hartley ("Hartley"), John A. Mattera ("Mattera"), Bradford van Siclen ("van Siclen"), John Ray Arnold ("Arnold"), Praetorian G. Power II, LLC ("Praetorian"), G. Power II ("G. Power"), First American Service Transmittals, Inc. ("FAST"), and Praetorian Fund ("Praetorian Fund").  See Complaint [DE 1].  Plaintiffs filed an Amended Complaint [DE 19] on October 28, 2011.  Pursuant to Section 10(b) of the Securities and Exchange Act of 1934, Plaintiffs seek rescission, and alternatively, to recover substantial damages from Defendants, related to $4.525 million Plaintiffs invested to acquire shares in Praetorian and/or G. Power, based on false representations that such interests would provide indirect ownership of Series A Preferred shares in Fisker Automotive Inc.  Am. Compl. ¶ 1.  After making the investment, Plaintiffs never received the closing documents reflecting their shares in Praetorian.  Id.  Plaintiffs later learned that Defendants did not own any shares in Fisker Automotive.  Id.  Plaintiffs also bring claims for conversion (against Defendants FAST, Arnold, Mattera, van Siclen, Praetorian, and G. Power), breach of fiduciary duty (against Defendants FAST and Arnold only), constructive trust and injunctive relief (against Defendants FAST, Arnold, Praetorian, G. Power, Mattera, and van Siclen), rescission (against Defendant Praetorian only), breach of contract (against Defendant Praetorian only), conspiracy (against all Defendants), and civil theft (against all Defendants).

In the Amended Complaint, Plaintiffs allege that "Defendants were agents of

2

Praetorian, G. Power, [Praetorian] Fund and First American, and for all the reasons described herein, those entities were simply vehicles for their scheme to defraud." Am. Compl. ¶ 132.  They also allege "that some or all of the Defendants stole these moneys; the above referenced circumstances do not allow Plaintiffs to rule out anybody." Id. ¶ 162.  Defendant van Siclen is alleged to have acted on his own behalf and as an agent for Praetorian and G. Power. Id. ¶ 171.  He is also alleged, as the managing director of Praetorian Fund, to be an agent of Praetorian Fund. Id. ¶ 172.

On November 29, 2011, Defendants Praetorian, G. Power, and Praetorian Fund (collectively "the Praetorian Defendants")  filed a notice of non-action which states that they will not be filing an answer or affirmative defenses and will not oppose entry of a default judgment against them. See DE 39.  On December 28, 2011, Plaintiffs moved for entry of clerk's default against the Praetorian Defendants. See DE 83.  A clerk's default was entered as to the Praetorian Defendants on December 29, 2011. See DE 84.  Plaintiffs now move for entry of final default judgment against the Praetorian Defendants pursuant to Federal Rule of Civil Procedure 55(b).

## II.  ANALYSIS

District courts have "the authority to enter default judgment for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure." Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985).  Federal Rule of Civil Procedure 55(a) provides, in pertinent part, that a default may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a).  A defaulted defendant is deemed to "admit[] the plaintiff's well-pleaded allegations of fact." Nishimatsu Constr. Co., Ltd. v.

3

Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).  The defendant, however, "is

not held to admit facts that are not well-pleaded or to admit conclusions of law."  Id.;

accord Cotton v. Mass.  Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005).

"Entry of judgment by default is a drastic remedy which should be used only in extreme

situations."  Wahl, 773 F.2d at 1169.  "There is a strong preference that cases be heard

on the merits instead of imposing sanctions that deprive a litigant of his day in court."

Owens v. Benton, 190 Fed. Appx. 762, 763 (11th Cir. 2006).

"Courts have recognized . . . that in certain circumstances a default judgment is

inappropriate if it results in inconsistency among judgments."  Marshall & Ilsley Trust

Co. v. Pate, 819 F.2d 806, 811 (7th Cir. 1987).  The Supreme Court recognized this

proposition in Frow v. De La Vega, 82 U.S. 552 (1872).  In Frow, the plaintiff filed a

complaint charging eight defendants with a "joint conspiracy" to defraud him of a piece

of real property.  Of these eight defendants, Frow failed to file a timely answer and the

district court entered a pre-trial default judgment against him.  The district court

ultimately decided the merits of the case against the plaintiff and dismissed the

complaint.  Frow appealed the default judgment to the Supreme Court.  Ruling in favor

of Frow, the Supreme Court wrote:

> If the court in such a case as this can lawfully make a final decree against
> one defendant separately, on the merits, while the cause was proceeding
> undetermined against the other, then this absurdity might follow: there
> might be one decree of the court sustaining the charge of joint fraud
> committed by the defendants and another decree disaffirming the said
> charge, and declaring it to be entirely unfounded, and dismissing the
> complainant's bill.  And such acts of incongruity, it seems, did actually
> occur in this case.  Such a state of things is unseemly and absurd, as well
> as unauthorized by law.

Id. at 554.

4

Modern courts have interpreted <u>Frow</u> to stand for the following proposition: [I]f at trial facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter defendant, even though it failed to participate in the proceeding in which the exculpatory facts were proved.

<u>Farzetta v. Turner & Newall, Ltd.</u>, 797 F.2d 151, 154 (3d Cir. 1986). Several Circuits, including the Eleventh, have found <u>Frow</u> applies to situations where defendants are jointly and severally liable, or have closely related defenses. <u>See, e.g.</u>, <u>Neilson v. Chang (In re First T.D. & Inv., Inc.)</u>, 253 F.3d 520, 532 (9th Cir. 2001); <u>Wilcox v. Raintree Inns of Am., Inc.</u>, 76 F.3d 394, 1996 WL 48857 (10th Cir. 1996); <u>Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.</u>, 740 F.2d 1499, 1512 (11th Cir. 1984); <u>U.S. for Use of Hudson v. Peerless Ins. Co.</u>, 374 F.2d 942 (4th Cir. 1967). Other federal courts have applied the <u>Frow</u> doctrine more narrowly, such as in cases of true joint liability or cases where the defaulting defendant cannot be liable unless the non-defaulting defendants are liable. <u>See, e.g.</u>, <u>McMillian/ McMillian, Inc. v. Monticello Ins. Co.</u>, 116 F.3d 319 (8th Cir. 1997) (<u>Frow</u> not extended to a situation where the co-defendants share closely related interests but are not truly jointly liable); <u>Whelan v. Abell</u>, 953 F.2d 663, 674-75 (D.C. Cir. 1992) (Frow should apply only when liability is truly joint or necessary for effective relief); <u>In re Uranium Antitrust Litig.</u>, 617 F.2d 1248, 1256-58 (7th Cir. 1980) (<u>Frow</u> rule not extended to cases of joint and several liability if results are not logically inconsistent or contradictory).

According to Wright, Miller and Kane, the "key" in deciding the application of <u>Frow</u> to individual cases is to "recognize that the Frow principle is designed to apply only when it is necessary that the relief against the defendants be consistent. If that is

not the case, then a default against one defendant may stand, even though the remaining defendants are found not liable."  10A  Wright, Miller & Kane, Federal Practice and Procedure § 2690 (3d ed. 1998 & Supp. 2009).  Even courts that take a limited view of the continued force of Frow conclude that the case controls "in situations where the liability of one defendant necessarily depends upon the liability of the others." Int'l Controls Corp. v. Vesco, 535 F.2d 742, 746 n. 4 (2d Cir. 1976); see also In re Uranium, 617 F.2d at 1257.

Five of the claims brought against the Praetorian Defendants are also brought against the other Defendants.[2]  Further, because a corporate defendant can act only through its employees and agents, all of the claims asserted against the Praetorian Defendants are based on allegations regarding the other Defendants' actions, particularly Defendant van Siclen, who is alleged to be an agent of each of the Praetorian Defendants.  Am. Compl. ¶¶ 132, 171-72.  Indeed, throughout the Amended Complaint, Plaintiffs often refer to the Defendants collectively.  Accordingly, the defenses of the other Defendants will be "closely related" to the defenses of the Praetorian Defendants, Wilcox, 76 F.3d 394, at *3, and a default judgment against the Praetorian Defendants would be inconsistent if the other Defendants defeat the claims against them in this action.  Therefore, the Court will deny Plaintiffs' Motion without prejudice, pending adjudication of this case on the merits.

---

[2]      Two claims brought against Defendants Praetorian and G. Power are brought against four other defendants.  Only two claims are brought solely against Defendant Praetorian.

6

### III.  CONCLUSION

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** that "Plaintiffs' Renewed Motions for Entry Default Judgments as to Defendants G. Power II, Praetorian G. Power, II, LLC, and Praetorian Fund, Ltd." [DE 85] is **DENIED without prejudice**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of February, 2012.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record and pro se parties via CM/ECF.