UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62037-CIV-COHN/SELTZER

EDWARD BURGER, AS TRUSTEE
OF THE 2009 HUBBARD FAMILY
TRUST, a New Mexico trust, et al.,

    Plaintiffs,

vs.

JOHN HARTLEY, et al.,

    Defendants.
_____/

## FINAL JUDGMENT IN FAVOR OF PLAINTIFFS AND AGAINST DEFENDANT JOHN RAY ARNOLD AND FIRST AMERICAN SERVICE TRANSMITTALS, INC.

**THIS CAUSE** is before the Court on Plaintiffs' Motion and Memorandum of Law For Entry of Consent Judgment as to Defendants John Ray Arnold and First American Service Transmittals, Inc. ("FAST") [DE 177] ("Motion"). The Court has reviewed the Motion, the record in the case, and is otherwise advised in the premises.

On September 16, 2011, Plaintiffs Edward Burger, as Trustee of The 2009 Hubbard Family Trust, a New Mexico Trust, Praefectus Capital, LLC, a South Dakota limited liability company, Albert Angelo, Jr., Craig Angelo, Robert Masterson, Dan Meadows, and Jerry Bayles (collectively "Plaintiffs"), sued Defendant John Ray Arnold, and others under Section 10(b) of the Securities and Exchange Act of 1934, Section 240.10b-5 of the Code of Federal Regulations, and under Florida law [DE 1]. Plaintiffs thereafter filed an Amended Complaint against Defendant John Ray Arnold, and others. [DE 19]. Defendant John Ray Arnold and First American Service Transmittals, Inc. entered a general appearance, and consented to the Court's jurisdiction and the subject

matter of this action.  Later, Defendant First American Service Transmittals, Inc., defaulted [DE 118; 119].  Plaintiffs and Defendant John Ray Arnold, having consented to entry of this Final Judgment, and Defendant John Ray Arnold having waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment, and a default Judgment having been entered against Defendant FAST, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion and Memorandum of Law For Entry of Consent Judgment as to Defendants John Ray Arnold and First American Service Transmittals, Inc. [DE 177] is **GRANTED**;

2. Final Judgment is entered for the Plaintiffs, against Defendant John Ray Arnold and First American Service Transmittals, Inc., in the amount of $500,000 Dollars and Zero Cents ($500,000), plus post judgment interest at 0.21%, as to Count I, Securities Fraud; Counts II and III, Fraud; Count IV, Conversion; Count IX, Conspiracy; and Count X, Civil Theft, of the Amended Complaint, in the following amounts in favor of each Plaintiff against Defendant John Ray Arnold and First American Service Transmittals, Inc. ("FAST"):

   A. EDWARD BURGER, AS TRUSTEE OF THE 2009 HUBBARD FAMILY TRUST, a New Mexico trust: $55,250.00, plus post judgment interest at 0.21%;

   B. PRAEFECTUS CAPITAL, LLC, a South Dakota Limited Liability Company: $152,000.00, plus post judgment interest at 0.21%;

  C. ALBERT ANGELO, JR.: $27,600.00; plus post judgment interest at 0.21%;

  D. CRAIG ANGELO: $27,600.00 plus post judgment interest at 0.21%;

  E. ROBERT MASTERSON: $16,550.00; plus post judgment interest at 0.21%;

  F. DAN MEADOWS: $110,500.00; plus post judgment interest at 0.21%; and

  G. JERRY BAYLES: $110,500.00; plus post judgment interest at 0.21%.;

3. This Final Judgment is entered without an admission of liability by John Ray Arnold or FAST;

4. Plaintiffs' collection efforts shall be deferred until after the entry of a judgment, in the action styled, <u>United States Securities and Exchange Commission v. John Ray Arnold</u>, in the United States District Court for the Southern District of New York, Case No. 11-cr-8323 (PKC) ("SEC Action");

5. Nothing herein constitutes an admission by John Ray Arnold and FAST that a judgment should be entered in the SEC Action or in any criminal restitution proceeding against Defendants Arnold of FAST;

6. Nevertheless, for collateral purposes applicable to the enforcement of this Final Judgment (i.e., for res judicata, collateral estoppel and judicial

3

estoppel and other collateral purposes), including as to any bankruptcy proceeding, this Final Judgment represents findings sufficient to establish actual fraud and/or theft and/or conversion, as to Count I, Securities Fraud; Counts II and III, Fraud; Count IV, Conversion; Count IX, Conspiracy; and Count X, Civil Theft, of the Amended Complaint;

7. Therefore, in any future bankruptcy proceeding, if any, Defendant John Ray Arnold and FAST will not assert that this Final Judgment is dischargeable;

8. John Ray Arnold's and FAST's financial obligations on this Final Judgment will only apply upon, and in the event of, the occurrence of any of the following conditions, at which time let execution issue: a) to the extent there is a shortfall in the collections of any judgment in the SEC Action, which do not satisfy this Final Judgment in favor of Plaintiffs, at the time of the entry of any such judgment or restitution order; or, b) if a judgment in the SEC Action does not create enforceable rights in favor of Plaintiffs, at the time of the entry of any such judgment;

9. This Final Judgment is without prejudice, and in supplement to, any rights which might arise in the Plaintiffs in this case to enforce any judgments or restitution orders which are, or may be, entered in the SEC Action or in the Criminal Actions styled United States v. Bradford van Siclen, in the United States District Court for the Southern District of New York, Case No. 11-cr-5 or United States v. John Mattera, in the United States District

4

      Court for the Southern District of New York, Case No. 11-cr-127, or any other government enforcement proceeding. Plaintiffs shall have the right to claim, in the SEC Action and/or the Criminal Actions, entitlement to an amount in excess of the damages awarded in paragraph 1;

10. Defendants John Ray Arnold and FAST will be entitled to a credit for any moneys actually received by the Plaintiffs in this case from any restitution fund created as result of SEC Action or in the Criminal Actions which exceeds $4.525 million paid to the Plaintiffs herein, to the extent any such payment would cause payment under this Final Judgment to the Plaintiffs in this case to exceed $5 million;

11. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment;

12. Plaintiffs and the Defendants John Ray Arnold and First American Service Transmittals, Inc., consent to the Entry of this Final Judgment, as reflected by the signatures contained in Exhibit 1 to the Motion [DE 177-1]; and

13. Plaintiffs' Motion for Summary Judgment as to Defendants Arnold and FAST [DE 144] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida on this 9th day of July, 2012.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to counsel of record and pro se parties via CM/ECF