UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62037-CIV-COHN/SELTZER

EDWARD BURGER, AS TRUSTEE
OF THE 2009 HUBBARD FAMILY
TRUST, a New Mexico trust, et al.,

    Plaintiffs,

vs.

JOHN HARTLEY, et al.,

    Defendants.
_____/

## FINAL JUDGMENT IN FAVOR OF PLAINTIFFS AND AGAINST DEFENDANT BRADFORD VAN SICLEN

**THIS CAUSE** is before the Court on Plaintiffs' Motion and Memorandum of Law for Entry of Consent Judgment as to Defendant Bradford van Siclen [DE 178] ("Motion"). The Court has reviewed the Motion, the record in the case, and is otherwise advised in the premises.

On September 16, 2011, Plaintiffs Edward Burger, as Trustee of The 2009 Hubbard Family Trust, a New Mexico Trust, Praefectus Capital, LLC, a South Dakota limited liability company, Albert Angelo, Jr., Craig Angelo, Robert Masterson, Dan Meadows, and Jerry Bayles (collectively "Plaintiffs"), sued Defendant Bradford van Siclen, and others under Section 10(b) of the Securities and Exchange Act of 1934, Section 240.10b-5 of the Code of Federal Regulations, and under Florida law [DE 1]. Plaintiffs thereafter filed an Amended Complaint against Defendants Bradford van Siclen, Praetorian Fund, Ltd., Praetorian G. Power II, LLC, G. Power II, and others [DE

19]. Defendant Bradford van Siclen entered a general appearance, and consented to the Court's jurisdiction and the subject matter of this action.

Plaintiffs and Defendant Bradford van Siclen, having signed below and consented to entry of this Judgment, and Defendant Bradford van Siclen, having waived findings of fact and conclusions of law, and waived any right to appeal from this Judgment, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion and Memorandum of Law for Entry of Consent Judgment as to Defendant Bradford van Siclen [DE 178] is **GRANTED**;

2. Final Judgment is entered for the Plaintiffs, against Defendant Bradford van Siclen, in the amount of Seven Hundred Fifty Thousand Dollars and Zero Cents ($750,000.00), plus post judgment interest at 0.21%, as to Count I, Securities Fraud; Counts II and III, Fraud; Count IV, Conversion; Count IX, Conspiracy; and Count X, Civil Theft, of the Amended Complaint, in the following amounts in favor of each Plaintiff against Defendant Bradford van Siclen:

    A. EDWARD BURGER, AS TRUSTEE OF THE 2009 HUBBARD FAMILY TRUST, a New Mexico trust: $82,875.00, plus post judgment interest at 0.21%;

    B. PRAEFECTUS CAPITAL, LLC, a South Dakota Limited Liability Company: $228,000.00, plus post judgment interest at 0.21%;

    C. ALBERT ANGELO, JR.: $41,400.00; plus post judgment interest at 0.21%;

   D. CRAIG ANGELO: $41,400.00; plus post judgment interest at 0.21%;

   E. ROBERT MASTERSON: $24,825.00; plus post judgment interest at 0.21%;

   F. DAN MEADOWS: $165,750.00; plus post judgment interest at 0.21%; and

   G. JERRY BAYLES: $165,750.00; plus post judgment interest at 0.21%;

3. This Final Judgment is entered without an admission of liability by Bradford van Siclen;

4. Plaintiffs' collection efforts shall be deferred until after the entry of a restitution order, if any, in the action styled <u>United States v. Bradford van Siclen</u>, in the United States District Court for the Southern District of New York, Case No. 11-cr-5 ("Criminal Action"), or until after entry of a judgment, in the action styled, <u>United States Securities and Exchange Commission v. John Mattera, et al.</u>, in the United States District Court for the Southern District of New York, Case No. 11-cr-8323 (PKC) ("SEC Action");

5. Nothing herein constitutes an admission by Bradford van Siclen that a restitution order should be entered in the Criminal Action;

6. Nevertheless, for collateral purposes applicable to the enforcement of this Final Judgment (i.e., for res judicata, collateral estoppel and judicial

estoppel and other collateral purposes), including as to any bankruptcy proceeding, this Judgment represents findings sufficient to establish actual fraud and/or theft and/or conversion, as to Count I, Securities Fraud; Counts II and III, Fraud; Count IV, Conversion; Count IX, Conspiracy; and Count X, Civil Theft, of the Amended Complaint;

7. Therefore, in any future bankruptcy proceeding, if any, Defendant Bradford van Siclen will not assert that this Final Judgment is dischargeable;

8. Bradford van Siclen's financial obligations on this Final Judgment will only apply upon, and in the event of, the occurrence of any of the following conditions, at which time let execution issue: a) to the extent there is a shortfall in the collections of any judgment in the SEC Action, and/or in payments pursuant to a restitution order in the Criminal Action, if any, which do not satisfy this Judgment in favor of Plaintiffs, at the time of the entry of any such judgment or restitution order; b) if a judgment in the SEC Action does not create enforceable rights in favor of Plaintiffs, at the time of the entry of any such judgment; c) if a restitution order in the Criminal Action does not create enforceable rights in favor of Plaintiffs, at the time of the entry of any such verdict or restitution order; or d) if a restitution order is not entered against Bradford van Siclen in the Criminal Action;

9. Defendant Bradford van Siclen, will be entitled to a credit for any moneys

actually received by the Plaintiffs in this case from any restitution fund created as result of SEC Action or Criminal Action or the action styled <u>United States v. John Mattera</u>, in the United States District Court for the Southern District of New York, Case No. 11-cr-127 ("Mattera Criminal Action") which exceeds $4.525 million paid to the Plaintiffs herein, to the extent any such payment would cause payment under this Final Judgment to the Plaintiffs in this case to exceed $5 million;

10. This Final Judgment is without prejudice, and in supplement to, any rights which might arise in the Plaintiffs in this case to enforce any judgments or restitution orders which are, or may be, entered in the SEC Action, or the Criminal Action, or the Mattera Criminal Action including that Plaintiffs shall have the right to claim, in the SEC Action and/or the Criminal Action and/or the Mattera Criminal Action, entitlement to an amount in excess of the damages awarded in paragraph 1;

11. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment;

12. Plaintiffs and Defendant Bradford van Siclen Consent to the Entry of this Final Judgment, as reflected by Exhibits 1 and 2 to the Motion [DE 178-1, 178-2]; and

13. Plaintiffs' Motion for Summary Judgment as to Defendant van Siclen [DE 141] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida on this 9th day of July, 2012.

                                                                                           /s/ James I. Cohn
                                                                                           JAMES I. COHN
                                                                                           United States District Judge

Copies provided to counsel of record and pro se parties via CM/ECF